IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL BRANDON KEEFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-cv-03088 |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 18). Judge Schanzle-Haskins recommends that this Court affirm the decision of Defendant Commissioner of Social Security denying Plaintiff Michael Brandon Keefer's application for Social Security Disability Insurance Benefits (Disability Benefits), deny Plaintiff's Motion for Summary Judgment (d/e 13), and grant Defendant's Motion for Summary Affirmance (d/e 16).

Objections to the Report and Recommendation were due on September 7, 2017. Neither party filed objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Judge Schanzle-Haskins found that the Administrative Law Judge's (ALJ) decision to deny Plaintiff's application for Disability Benefits was supported by substantial evidence. Judge Schanzle-Haskins concluded that the ALJ's decision that Plaintiff's impairments or combination of impairments did not meet or equal an impairment Listing specified in 20 C.F.R. Part 404 Subpart P, Appendix 1 was supported by substantial evidence. Judge Schanzle-Haskins also found that the ALJ's decisions as to Plaintiff's residual functional capacity (RFC) and that jobs that exist

in significant numbers in the national economy that Plaintiff can perform and Plaintiff is not disabled were supported by substantial evidence.

The Report and Recommendation also addresses the issue Plaintiff raised in his Motion for Summary Judgment that he did not know that his wife could testify at the administrative hearing. The record indicates that Defendant was aware that Plaintiff's wife could testify because the ALJ explicitly asked Defendant's attorney if he would like to call Plaintiff's wife to testify and Defendant followed his attorney's advice not to do so.

Judge Schanzle-Haskins also addresses Plaintiff's argument that the ALJ largely ignored the examinations by Drs. Trello and Chapa by pointing out that the ALJ considered both examinations. The ALJ found that Dr. Chapa's findings and Dr. Trello's mental status examination both were consistent with the RFC determination. Further, the ALJ discounted Dr. Trello's Global Assessment of Functioning (GAF) score of 50 and her conclusions because they were inconsistent with her mental status examination.

Judge Schanzle-Haskins also rejected Plaintiff's argument that the ALJ erroneously dismissed Dr. Albers' January 8, 2013

opinions. Dr. Albers' opinions were inconsistent with other evidence in the record, including Dr. Albers' own treatment notes that repeatedly stated that Plaintiff's pain and anxiety were stable, controlled with medicine, or both.

The Report and Recommendation also explains that the ALJ's decision was not inconsistent with vocational expert Hammond's opinions that a person with Plaintiff's RFC, age, education, and work experience could not work if he had to stop every ten minutes or if he was frequently absent. Those additional limitations were not supported by the evidence and were not included in the RFC determination and, therefore, the ALJ need not consider them.

Finally, Judge Schanzle-Haskins found that the additional medical treatment notes from March 2016 that Plaintiff added to the record on appeal were not material and did not support a remand. Because they are from an examination that occurred more than a year and a half after the ALJ's decision, they do not speak to Plaintiff's condition at the time of the administrative hearing and accordingly are not material.

After reviewing the record, the Report and Recommendation, the parties' motions and memoranda, and the applicable law, this Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

(1) **The Report and Recommendation (d/e 18) is ADOPTED in its entirety.**

(2) **Plaintiff's Motion for Summary Judgment (d/e 13) is DENIED.**

(3) **Defendant's Motion for Summary Affirmance (d/e 16) is GRANTED.**

(4) **The decision of the Defendant Commissioner of Social Security is AFFIRMED.**

(5) **THIS CASE IS CLOSED.**

**IT IS SO ORDERED.**

ENTER: September 29, 2017

FOR THE COURT:    s/ Sue E. Myerscough
                  SUE E. MYERSCOUGH
                  UNITED STATES DISTRICT JUDGE